EASTERN DIST.
*February*, 1837.

M'MILLEN *vs.* GIBSON ET AL.

M'MILLEN
*vs.*
GIBSON ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

| 10 | 517 |
| f122 | 705 |

An intervention is, according to the Code of Practice, a separate demand, and consequently, the trial between the original parties can be properly gone into without it, or waiting for it.

Where a motion to dissolve an injunction is overruled before a trial on the merits, the judgment sustaining the injunction, is only interlocutory, and does not release the surety. It may be dissolved on the final trial, as having been wrongfully obtained, and the surety condemned to pay damages.

But a surety in an injunction will not be decreed to pay damages on its dissolution, for an instalment of the debt, which becomes due *after* the injunction is granted.

The act of 1831, giving damages on the dissolution of injunctions, is considered to be one of great severity, which will be strictly and rigorously construed by the court.

In 1834 the plaintiff obtained an order of seizure and sale, against a printing press, of the defendant Gibson, for an instalment of the purchase money then due, amounting to one thousand four hundred dollars. The defendant obtained an injunction against these proceedings, and gave James H. Caldwell as his surety in the injunction bond. Notice was given, and a rule taken immediately after, to show cause why the injunction should not be dissolved. On hearing the motion, the parish judge rendered an interlocutory judgment, overruling it.

In the meantime, P. K. Wagner intervened in the suit, claiming also to be a creditor of the defendant, on account of the printing press. The plaintiff answered, and denied his claim or right to interfere in the suit. Another instalment becoming due, of one thousand four hundred dollars, since the suing out the injunction, it was annexed to this suit in the answer of the original plaintiff.

EASTERN DIST.
*February,* 1837.

M'MILLEN
*vs.*
GIBSON ET AL.

On a final hearing of the case, the injunction was dissolved, with damages, and the order of seizure 'and sale allowed to proceed. The judgment of the Parish Court condemned the principal and surety in the injunction bond, jointly and severally, to pay ten per cent., damages, on one thousand four hundred dollars, which was enjoined originally, and the same amount, being an instalment of one thousand four hundred dollars, which became due during the pending of the injunction suit. The defendants appealed. The surety prosecutes the appeal alone in the Supreme Court.

*Roselius,* for the plaintiff.

*Sterrett, contra,* contended, that judgment having been once rendered in favor of the plaintiff in the injunction, sustaining it, it could not be afterwards dissolved, to the detriment of the surety.

2. The surety was released by the judgment sustaining the injunction, and he could not afterwards be made liable.

*Bullard, J.,* delivered the opinion of the court.

The surety on an injunction bond prosecutes the present appeal, in order to procure the reversal of a judgment by which he was condemned *in solido* with his principal, to pay interest and damages on the dissolution of the injunction. The principal has not appealed, and consequently, we can inquire into the correctness of the proceedings and judgment, only so far as the surety is affected.

An intervention is, according to the Code of Practice, a separate demand, and consequently, the trial between the original parties can be properly gone into without it, or waiting for it.

His counsel contends, that the court erred in forcing the defendant into a trial without Wagner, who was a party. Wagner had intervened in opposition, setting up a claim to the property seized. This, according to the Code of Practice, must be considered as a separate demand, and, consequently, the trial between the original parties was properly gone into. *Article* 398.

It is further insisted, that the injunction having been once sustained by a judgment of the court, the surety was released

from his responsibility, and that it could not, afterwards, be
dissolved to his detriment.

It appears, that by an interlocutory decree of the court, rendered on a motion to dissolve the injuction before trial, upon the merits, the same was maintained, and the motion overruled; and upon the final trial, the court being of opinion, that the injunction had been wrongfully obtained, it was dissolved, and the appellant condemned to pay damages and interest. We are of opinion, that the first judgment was not a definitive one, upon the question whether the injunction had been properly granted. Its only effect was to maintain the injunction in force until the final trial, and that the surety was not thereby released.

At the time the order of seizure and sale was taken out, and the injunction was granted, only one thousand four hundred dollars was due to the plaintiff. Another instalment fell due, pending the suit, and the appellant was condemned to pay damages and interest on both. The statute of 1831 authorizes a judgment against the principal and his surety for damages, at the rate of twenty per cent., and interest at ten, on *the judgment.* Now, the only sum due at the time the order was given, which is the only judgment in the case which preceded the injunction, was one thousand four hundred dollars, and although it may be true that the seizing creditors had a right to have the property sold on such terms of credit as to meet the payment not yet due, it appears to us, that he had a right to make in money out of it, only the amount already due. The sale might have been stopped, and the property released, on paying that amount. The judgment was not for the whole amount of the price of the printing press; and we are of opinion that the obligation of the surety did not become more onerous pending the suit, in consequence of other instalments falling due. The act of 1831 is so extremely severe, that it has always received from this court a rigorous construction. We are, therefore, of opinion, that the damages and interest should have been calculated solely on the sum of one thousand four hundred dollars.

*Margin notes:* Where a motion to dissolve an injunction is overruled before a trial on the merits, the judgment sustaining the injunction is only interlocutory, and does not release the surety. It may be dissolved on the final trial as having been wrongfully obtained, and the surety condemned to pay damages. But a surety in an injunction will not be decreed to pay damages on its dissolution, for an instalment of the debt, which becomes due after the injunction is granted.

The act of 1831, giving damages on the dissolution of injunctions, is considered to be one of great severity, which will be strictly and rigorously construed by the court.

EASTERN DIST. It is, therefore, ordered, adjudged and decreed, that the
*February*, 1837. judgment of the Parish Court, so far as it relates to the surety

of James H. Caldwell, be annulled, avoided and reversed, and proceeding to give such judgment, as in our opinion, should have been rendered below, it is further adjudged and decreed, that the plaintiff recover of the surety, James H. Caldwell, *in solido* with John Gibson, the sum of two hundred and eighty dollars damages, and interest at the rate of ten per cent., on one thousand four hundred dollars, from the 22d day of June, 1834, and that the appellee pay the costs of this appeal.