## MILLER vs. LELEN.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE THEREOF PRESIDING.

Where a citizen peaceably takes possession of a portion of public land or domain, to which no private claim is set up, and improves it, none but the government can disturb him, in the possession of what he has actually inclosed.

This is an action of trespass, claiming damages for injury done to the plaintiff's inclosures and property. He alleges

that the defendant has illegally, wrongfully and repeatedly pulled down his fences, and turned in his cattle on the pastures of plaintiff, to his damage, $2000; for which he prays judgment, and that the defendant be required to desist from his illegal conduct in trespassing on his premises.

The defendant pleaded the general issue; and averred he was in the habit of pasturing his cattle and stock on a trembling prairie belonging to the United States government, until lately, when the plaintiff illegally drove off 80 head of cattle with his slaves and dogs, and so worried and injured them that he lost about 20 head. He prays that the plaintiff's demand be rejected, and that he have judgment in reconvention for $500 in damages.

Upon these pleadings and issues the case was tried before the court and a jury.

The plaintiff showed that he was in possession, and had inclosed the land or premises about which this controversy arose, and that the defendant pulled down his fences and let in his own cattle tó graze and pasture thereon. It also appeared that a portion of the land inclosed was public domain, &c. There was a verdict and judgment for the plaintiff of one dollar in damages, and the defendant appealed.

*Morse*, for the plaintiff.

*T. H. & W. B. Lewis*, contra.

*Garland, J.* delivered the opinion of the court.

The plaintiff alleges the defendant has illegally and wrongfully, at different times, broken down his fences and turned his cattle into his pasture, causing him damages to the amount of $2,000. The defendant says, that for three years previous to this suit, he has been in the habit of placing his cattle and horses for pasture on a *prairie tremblante*, which is land that belongs to the United States, that he placed upwards of eighty head of his cattle there, and the plaintiff caused his overseer

to have them driven off by his slaves, with dogs, in conse-

quence of which, a number of them died or were lost, for which he claims five hundred dollars in reconvention.

It appears from the testimony, the plaintiff has a large tract of land lying on the *Lāc Pegnier*. He has made a fence on his land from the front to the rear, and by extending it across the public domain, a distance of about twenty-three arpents, it reaches the sea marsh, which is there impassible, and thus incloses a large space, to the exclusion of the neighboring inhabitants, which he uses as a pasture. It is further shown "that there are gates and a passage left through this inclosure for the use of the public," and that the prairie thus inclosed is accessible by a circuitous route around the marsh, a distance of nine miles. Plaintiff made this fence in August, 1837, the defendant advising him how to make it, so as to economize *pieux* and inclose the greatest quantity of land. After the fence was made, defendant wished to have the right of pasturing his cattle within the inclosure, to which plaintiff would not agree to, whereupon defendant broke down the fence and put his cattle in. This he repeated several times, and in February, 1840, this suit was commenced. On the part of the defendant, no particular damage has been shown by driving out his cattle. The jury found a verdict of a dollar for the plaintiff, from which the defendant appealed.

The case has been submitted without argument, or any other than general points filed.

It is unquestionably true, that a portion of plaintiff's fence is on public land, and if proceedings were commenced against him by the government of the United States, under the acts of congress, it is possible he might be dispossessed, but that does not give the defendant a right to take the law into his own hands, and break down the inclosures which have been peaceably made by the occupant. The letter of the law does not allow any man to take exclusive possession of the public domain, but the lenient spirit in which it has been administered, has, we may say, universally tolerated it. In this case

WESTERN DIS. the defendant advised and aided the plaintiff in making the
September,1841. fence on the public domain, and he now complains of his ex-

clusion from the benefits of it, rather ungraciously.    He has no claim to the land or any right of servitude upon it, of which we are informed.

Where a citizen peaceably takes possession of a portion of public land or domain, to which no private claim is set up, and improves it, none but the government can disturb him, in the possession of what he has actually inclosed.

We are of opinion, that if a citizen peaceably takes possession of a portion of the public domain, to which no private claim is set up, and improves or incloses it, no one but the United States and its officers have a right to disturb him in the possession and enjoyment of the portion he has actually inclosed.    This possession is one of inches, and cannot extend beyond the actual inclosure by fence, hedge or some other means.

The judgment of the District Court is therefore affirmed with costs.