## Spencer Griffin *v*. Elijah B. Cotten.

Where one takes peaceable possession of a portion of the public domain, to which no other person has a claim, and possesses it in good faith, he will be protected to the extent of his enclosures.

The act of 25th March, 1831, relative to injunctions, is one of great severity, and must be rigorously construed. It applies only where judgments have been enjoined; in all other cases, the parties must be left to their action on the bond.

Appeal from the District Court for the parish of Rapides, *Boyce*, J.

Garland, J. Griffin alleges that on or about the 16th of October, 1840, he purchased at a sheriff's sale, made under an order of seizure and sale in his own name, against Valentine F. Cotten, several tracts of land, among which was one section No. 26, in township 4, north, range 2, west, in the Opelousas land district. That when he went to take possession of said land, he was forcibly resisted by the said Valentine Cotten, and his brother Elijah B. Cotten; he then called on the sheriff who made the sale, to put him in peaceable possession, which the sheriff was about to do, when Elijah B. Cotten got out a writ of injunction against him and the sheriff, to prevent it. In his petition, Elijah B. Cotten states that he had been in possession of the land about nine months; that it belongs to the United States, and that he has acquired a right of pre-emption to it, by virtue of an act of congress passed in 1840, granting pre-emption rights to settlers on the public lands, and that he feared Griffin and the sheriff would forcibly put him out of possession. He further states that he had made an application to the Register and Receiver of the proper land district, to purchase the land. Upon this petition an injunction was granted. Griffin afterwards took out a writ of injunction to prevent E. B. Cotten from destroying the timber and committing waste; and also a writ of sequestration to prevent him from taking away or selling a quantity of cord wood he had cut on the land.

The suits were consolidated in the district court; there was judgment giving Griffin possession of the land, dissolving Cotten's injunction, and condemning him and his sureties, jointly and severally, to pay two hundred dollars damages, from which he has appealed.

This is a possessory action on the part of Cotten against Griffin. He swears in his petition that he has applied to the land officers at Opelousas for a pre-emption. We have no evidence of that fact, and cannot presume it; but we find him making opposition in March and April, 1841, to a claim made by Griffin, to purchase the two lots or sections Nos. 26 and 27. He was himself examined on oath before E. E. Leckie, Esq., and stated that he had heard both Griffin and V. F. Cotten say, that these lots were included in the sale from the former to the latter, but he always understood that the land was public; that when he came to the country the land was cultivated, and in possession of both these persons; and that it so continued until Griffin sold his interest to V. F. Cotten, when he, E. B. Cotten, became the overseer or agent of his brother. That in 1840, he and his brother cultivated the land in partnership; his "services went to balance what land V. F. Cotten brought in more than he did;' and the cabins he built were within the enclosure made by Griffin and V. F. Cotten. Now, according to his own statement, he has taken possession of an improvement and enclosed field which he did not make, but which he knew was made by others, and we think he complains with a poor grace of being disturbed in the possession of it. If he is that honest settler in good faith, which it is contended he is, why did he not go like many others have done on land to which no claim was set up by any one, and improve it, and not endeavor to appropriate to himself the labor of others? Had he done so, this court would have afforded him all the protection which the laws extend to persons in that situation. But suitors must come before us with clean hands, when they ask for relief.

All the evidence in the record shows that E. B. Cotten has taken possession of an enclosure, which he did not make; he says in his petition that the land does not belong to him; he does not pretend that he has ever paid any one for it; he says he has a pre-emption right, but does not prove that he has made any attempt to exercise it, nor does he allege or show a possession of one year. We are therefore at a loss to understand how he can, under the articles 47 and 49 of the Code of Practice, maintain a possessory action. We have held that when a man takes peaceable possession of a portion of the public domain, to which no one else has a claim at the time, and

possesses it in good faith, the law will protect him to the extent of his .enclosures, 19 La., 331; but the doctrine is novel to us, that an injunction can be maintained to arrest a sheriff engaged in putting a party in possession of what he has purchased under legal process, on the ground that the officer is about to proceed by force or fraud, to dispossess the petitioner. Such presumptions will not lie against the officers of justice. It is a little strange the plaintiff made no efforts to protect the rights he now esteems so just, previous to the sale made by the sheriff of the rights of his brother; for he informs us that he knew the sheriff had made a seizure of the land about four months previously to the commencement of these proceedings.

Upon à full consideration of the whole case, we cannot resist the impression that the proceedings of E. B. Cotten are an afterthought; and that he is interposing himself between Griffin and his brother.

Whether Griffin has any title to the land in question, or a right of pre-emption to it, we do not decide in any manner. Of the evidence he shall produce to sustain his rights, the land officers are the proper judges.

But we think the judge erred in giving damages when he dissolved the injunction. We have always held the act of 1831 relative to injunctions one of great severity, and have construed it rigorously, 10 La., 519; and in the case of *Morgan* v. *Driggs*, *&c.*, 17 Id., 176, we held that the act only applied when judgments were enjoined. In other cases, parties must be left to their action on the bond.

The judgment of the district court is affirmed so far as it decrees to Spencer Griffin the possession of the lot or section of land described as No. 26, in township 4 north, range 2 west; but so far as it decrees damages against E. B. Cotten and his securities on the injunction bond, it is reversed, reserving to Spencer Griffin, his right to proceed on the injunction bond against the principal obligor and his securities; the costs in the district court to be paid by E. B. Cotten, and those of this appeal to be paid by the appellee, Griffin.

*Elgee*, for the plaintiff.

*Brewer*, for the defendant and appellant.