WHITELEY *v.* GARRETT & CALHOUN INCORPORATED.

Where an owner of cotton shipped the same to factors, and as an agent of another shipped cotton of his principal to the same factors, he could not, without special authority, authorize the factors to use money standing to the credit of the principal on the books of the factors to cover any deficit in his account or in his margins when the value of his own cotton shipped to the factors became less than the advances of the latter. This is true, however general and broad his power as agent may have been, unless he was expressly authorized by his principal to use the funds of the latter for the purpose indicated.

No. 2564. DECEMBER 16, 1921.

Equitable petition. Before Judge Hammond. Richmond superior court. March 26, 1921.

J. W. Whiteley brought suit against Garrett & Calhoun Inc., for some $14,000 damages resulting from the sale of 118 bales of cotton shipped by him to Garrett & Calhoun as cotton factor at Augusta, Georgia, it being alleged that the sale was unauthorized at the time it was made. Garrett & Calhoun filed its answer admitting certain allegations of the petition and denying others;

and after admitting or denying the various paragraphs of the plaintiff's petition the defendant answered further as follows: "That for some years prior to 1919 this defendant had been acting as cotton factor for the said plaintiff, J. W. Whiteley, for M. S. Whiteley, of Glascock County, Georgia, the mother of plaintiff, and for whom plaintiff was and still is the general manager, having entire charge of her business affairs, and for J. W. Whiteley Company, a corporation doing business at Warrenton, Georgia, the affairs of which are entirely under the management of the said J. W. Whiteley. Throughout the course of business with the said J. W. Whiteley, M. S. Whiteley, and J. W. Whiteley Company, this defendant dealt entirely with the said J. W. Whiteley, who fully represented M. S. Whiteley and J. W. Whiteley Company; and it was the agreement and understanding between him individually and him as representative of M. S. Whiteley and J. W. Whiteley Company, that, as between this defendant and the said parties, the accounts of J. W. Whiteley, M. S. Whiteley, and J. W. Whiteley Company should be treated as one; and if there were any deficit in one account and a credit balance in either of the other accounts, the said credit balance could be used for the purpose of caring for such deficit. This understanding was fully recognized and lived up to until the actions on the part of the said plaintiff immediately preceding the bringing of this suit. This defendant, during the entire dealings between it and the said three parties, always treated the three accounts as one, so far as margins were concerned, and this fact was known to the said J. W. Whiteley and acquiesced in by him, and this practice and understanding continued without criticism or objection on the part of the said J. W. Whiteley until June of 1919."

The defendant further answered: "It is not known to this defendant at this time just how the accounts should stand as between it and the said parties, if the contention of plaintiff be correct, and it can not be ascertained unless there be had a final accounting in a proceeding to which all of said parties are joined. By making the said M. S. Whiteley and the said J. W. Whiteley parties to this proceeding, such accounting, if necessary, can be had and a multiplicity of suits be avoided, and all rights be finally and promptly determined." The defendant also averred, that,

before the issues in this suit shall have been finally determined, the statute of limitations would have barred this defendant from instituting suit against the said M. S. Whiteley or the J. W. Whiteley Company. Also, that "the said J. W. Whiteley did, on February 8, 1919, contract and agree that for the purposes of margin between this defendant and said J. W. Whiteley, M. S. Whiteley, and the J. W. Whiteley Company, their accounts should be treated as one, and that, if there were any balance to the credit of any of said accounts, such balance could be applied to make good any deficits as far as practicable in either or both of the other accounts." The defendant therefore, "in order to prevent a multiplicity of suits, to have an accounting between all of the parties at interest, and to prevent the injustice that would arise by reason of delay in the determination of this suit," prayed: that M. S. Whiteley, of Glascock County, and J. W. Whiteley Co., of Warren County, be made parties; that judgment be had in favor of the defendant against J. W. Whiteley, M. S. Whiteley, and J. W. Whiteley Company, for $916.59; that should it be determined that J. W. Whiteley is entitled to recover in this suit, "judgment in behalf of this defendant against the said M. S. Whiteley and J. W. Whiteley Company be rendered for an amount arrived at by adding to the said amount of $916.59 the amount that the said J. W. Whiteley is adjudged entitled to recover in this proceeding."

M. S. Whiteley demurred upon numerous grounds, among them the following: (a) "Because no cause of action is set out against this defendant in the answer of Garrett & Calhoun to the suit of J. W. Whiteley, and served upon this defendant." (b) "Because it appears from said answer that this defendant is a resident of Glascock County, Georgia, and not a resident of Richmond County, Georgia; and the superior court of Richmond County, Georgia, has no jurisdiction of this defendant on the issues raised in said answer; but on the contrary, the superior court of Glascock County is vested with jurisdiction of said suit or claim set up in said answer against this defendant." (c) "Because no such joint interest of this defendant with J. W. Whiteley is alleged in said answer as to vest in the superior court of Richmond County jurisdiction of this defendant as to the matters and things alleged against her in said answer." (d) "And further, because,

while it is alleged in said answer that there was an agreement or understanding between J. W. Whiteley individually, and as representative of M. S. Whiteley, that the accounts of J. W. Whiteley and J. W. Whiteley Company and of this defendant should be treated as one, and that if there were any deficit in one account and a credit balance in the other, the latter could be used for the purpose of caring for such deficit, it is not alleged in said paragraph or elsewhere that this defendant was a party to said agreement, nor is it alleged that this defendant had any knowledge of such agreement. (e) "And defendant further demurs specially to paragraph 10, and says that if any such agreement existed as alleged, by which any deficit on the account of J. W. Whiteley or J. W. Whiteley Company should be made good out of this defendant's property, such agreement was illegal and void."

The court overruled the demurrer, and M. S. Whiteley excepted.

*E. P. & J. Cecil Davis* and *W. H. Fleming,* for plaintiff in error.

*Barrett & Hull* and *D. G. Fogarty,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court should have sustained the demurrer to the answer of the defendant in the original suit. Clearly no cause of action is set out against M. S. Whiteley, unless it appears from the allegations of the petition that she was indebted in some sum to the defendant or liable to account to it in some manner. There is no contention that she was liable to the defendant in any amount, unless she was bound by the agreement of her agent, J. W. Whiteley, to the effect that the funds standing to her credit and the margins of J. W. Whiteley and J. W. Whiteley Company should be treated as one fund and liable to make good a deficit in the account of J. W. Whiteley, just as his own funds would be liable therefor. Whether this agreement, which is alleged to have been made by J. W. Whiteley with the defendant, was a binding obligation upon M. S. Whiteley depends upon whether the alleged agreement between J. W. Whiteley and the defendant was one made under any authority vested in him as agent. It is alleged in the answer of the defendant that J. W. Whiteley was manager and general agent of M. S. Whiteley. We take it that these terms are used synonymously here. Granting that the allegations of the answer show that J. W. Whiteley was vested with the widest power that can be ascribed to a general agent, still they fail to

show that he was vested with authority to use the funds belonging to M. S. Whiteley for the purposes here indicated. Before he could use the funds of his principal for his own benefit or to make good any deficit in his deposits or margins with Garrett & Calhoun Inc., it was necessary for him to have express authority to do so. No implied authority from the general agency would authorize him to do it. " The principal is bound by all acts of his agent within the scope of his authority." Civil Code, § 3593. But, " no agent, however general his powers, has implied authority to pledge the credit of his principal for his own private debt; and if he undertake to do so, it is clear duty of the party dealing with him to make inquiry as to his authority." Wickham v. Morehouse, 16 Fed. 324. " Under a power of attorney, authorizing the attorney to act in every species of business wherein the principal may be concerned or interested in the United States, Held, notwithstanding the broad terms of the power, the attorney is not authorized to pledge the property of his principal to secure the individual debt of the attorney." Hewes v. Doddridge, 1 Rob. 143. 2 C. J. 581 et seq., and cases cited.

It will be observed that in the answer of the defendant it is alleged that there was a long course of dealings between the defendant and J. W. Whiteley in conformity to the agreement alleged, as to the use of any balance of fund standing in the name of M. S. Whiteley; but notice to M. S. Whiteley of this agreement and ratification by her is not shown. Wherefore we conclude that the defendant in its answer shows no right to a recovery or an accounting as against M. S. Whiteley; and it necessarily follows that the defendant presented no claim against her which would authorize the court to make her a party to the case over her objection. The demurrer should have been sustained.

<em>Judgment reversed. All the Justices concur.</em>